UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ALLSTATE INSURANCE COMPANY, *et al.*,

                         Plaintiffs,                  **ORDER**
                                                                                                          CV 13-1044 (ADS)(ARL)

      -against-

GERALD SURYA, M.D., *et al.*,

                         Defendants.
-----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the court is the parties' motion for a stipulated protective order. (Doc. No. 20.) For the reasons set forth below, the parties' motion is granted, except as to paragraphs 8 and 12 of the Stipulated Protective Order.

      Paragraph 8 of the Stipulated Protective Order states in pertinent part:

> **Use of Confidential Information** . . . . Use for purposes of this litigation shall include use in testimony and exhibits at trial, and in connection with motions, depositions, or witness preparation . . . subject to the restrictions of this Order.

(Stipulated Protective Order, filed September 16, 2013, ¶ 8.)  Paragraph 12 of the Stipulated Protective Order states:

> **Court Filings Under Seal**.  The Clerk of the Court is directed to maintain under seal all documents, papers, and transcripts of depositions or hearings, filed in the Court in this litigation that have been designated, in whole or in part, as Confidential Information, which shall not be opened or released from the custody of the Clerk except upon order of the Court.

(Stipulated Protective Order, filed September 16, 2013, ¶ 12.)

      The Supreme Court observed in *Seattle Times Co. v. Rhinehart* that protective orders issued upon a showing of good cause as to materials produced in civil discovery, are consistent with the First Amendment because "restraints placed on discovered, but not yet admitted information are not a restriction on a traditionally public source of information." 467 U.S. 20, 33, 37 (1983).  Once protected discovery materials are used in court filings, however, the common law right of the public "to inspect and copy . . . judicial records and documents" is implicated and gives rise to a presumption of access to judicial documents.  *Nixon v. Warner Communic'ns, Inc.,* 435 U.S. 589, 597 (1978).  "Documentary exhibits and trial testimony are also strongly presumed to be public, since they are a direct part of the process of adjudication." *Encyclopedia Brown Productions, ltd v. American Int'l Cablevision Communications,* 26 F. Supp. 2d 606, 612

(S.D.N.Y. 1998) (citations omitted). "The presumption of access is based on the need for federal courts, although independent – indeed, particularly because they are independent to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). That being said, whether the presumption of access arises under the common law or the First Amendment, "documents may be kept under seal if countervailing factors in the common law framework or higher values in the First Amendment framework so demand." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

The parties' agreement in paragraphs 8 and 12 concerning the use and filing with a Court a document under seal, without more, is not a sufficient basis for granting such an order. *See United States v. Aref*, 533 F.3d 72, 81-83 (2d Cir. 2008) ("district courts [should] avoid sealing judicial documents in their entirety unless necessary [since t]ransparency is pivotal to public perception of the judiciary's legitimacy and independence"). If either party wants to designate anything filed with, or presented to, the Court as confidential and place it under seal whether during motion practice or at trial, that party must make a separate motion in accordance with the instructions on filing a motion for leave to e-file a sealed document in this district (which are located at www.nyed.uscourts.gov), specifying precisely what the parties wish to be kept under seal and making a particularized showing of good cause as to why the Court should depart from the strong presumption against sealing any court records to public inspection. *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597-99 (1978); *United States v. Graham*, 257 F.3d 143, 150 (2d Cir. 2001). Upon a showing of compelling circumstances, this Court may order certain records to be sealed based on the undersigned's document-by-document review of the particular portions of the document that a party wishes to be kept under seal and after considering whether the requested order is no broader than necessary to serve the interests that require protection. *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995).

Dated: Central Islip, New York
September 17, 2013

**SO ORDERED:**

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge